## Guise's Nomination Paper.

*Election laws — Nomination papers — Affidavit—Certificate of prothonotary—Individual candidate—Act of July 9, 1897.*

A nomination paper for an individual candidate designating a party is not invalid under the Act of July 9, 1897, P. L. 223, because the signers thereof have not filed with the prothonotary an affidavit setting forth that they have adopted a political appellation and have not filed with the nomination papers a certificate from the prothonotary that they had filed such affidavit.

Objection to nomination paper.   C. P. Northumberland Co., Dec. T., 1927, No. 176.

*C. M. Clement* for protestant; *L. S. Walter,* contra.

STROUSS, P. J., Oct. 20, 1927.—On Oct. 7, 1927, the respondent filed with the county commissioners his nomination paper, in which it is set out: "We, the undersigned, all of whom are qualified electors of Northumberland County, representing the Independent Party or policy, hereby nominate the following person, viz., John H. Guise, miner, 918 Chestnut Street, Kulpmont, County Commissioner."

To this paper objection was filed on Oct. 14, 1927, after proof of service of notice of the objection was given to the nominee.  The objection having been filed, the case was set for hearing on Oct. 18, 1927, due notice to be given to the nominee.  On Oct. 18th, upon proof of due notice to the nominee, the case proceeded.

No answer was filed to the objection, nor was any testimony given.  It was conceded that the nominee had not complied with the 3rd section of the Act of July 9, 1897, P. L. 223, in that five electors, signers of the nomination paper, had not filed in the office of the prothonotary an affidavit setting forth that they had adopted a political appellation to designate their policy, and that there was not filed with the said nomination paper a certificate from the prothonotary setting forth such compliance with the act.  There being no answer to the objection to the paper, and the fact being conceded that the respondent failed to comply with the proviso in the 3rd section of the Act of 1897, the sole question for determination is whether or not an individual may file a nomination paper without complying with the proviso in the 3rd section of the Act of 1897, the material part of which provides as follows: "Provided, that if five of the electors composing any body making a nomination by nomination papers shall file with the prothonotary of the county in which the nomination paper or papers are to be filed an affidavit setting forth that they have adopted a certain political appellation to designate their policy, subject to the limitations of this act regarding the selection of names, that thereafter such political body shall have the exclusive right to use the said name or appellation for the election for which such nomination or nominations are made, provided that a certificate from the prothonotary setting forth such compliance with the act be filed with the nomination papers filed by such political body."

It was said by Judge Whitehead in Hamilton's Nomination Papers, 7 D. & C. 524:

"Was it necessary, in order to entitle the respondent to properly file his nomination paper, for five electors, composing the Independent Party, to first pre-empt the name of said party?  We think not.

"The Act of June 10, 1893, P. L. 419, as amended by the Act of July 9, 1897, P. L. 223, clearly provides for three methods of nomination.

Guise's Nomination Paper.

"The first method is under section 2 of the Act of 1893, which provides for the filing of nomination papers following a convention of delegates, or primary meetings of electors, or caucuses held under the rules, or any board authorized to certify nomination papers representing a political party.

"The second method is under section 3 of said Act of 1893, which provides for the filing of nomination papers by an individual not connected with, or related to, any convention, primary meeting, caucus or board.

"The petition in the case at bar was filed under this method; that is, under section 3 of the Act of 1893, as amended in the Act of 1897. Under this section, any qualified elector could file a petition as a candidate for the office of jury commissioner, provided the petition contained the names of 2 per centum of the largest entire vote cast for any officer elected at the last preceding election in the county.

"The third method is under the proviso in section 3 of the Act of 1893, as amended by the Act of 1897, and which proviso provides for the nomination of candidates when and after five electors composing any political body making a nomination by nomination papers shall file with the prothonotary an affidavit setting forth that they have adopted a certain political appellation to designate their policy.

"Under the *first* method of nominations, that provided for in section 2 of the Act of 1893, and under the *third* method, that provided by the proviso in section 3 of the Act of 1897, certain certificates must accompany the nomination paper when filed. Under the *second* method, that provided in section 3 of the Act of 1897, the act under which the nomination paper in this case was filed, no certificate is required.

"Counsel for objectors strenuously argues that this case is on all fours with the case decided by Judge Copeland, In re Cramer's Nomination Papers, 2 D. & C. 46. With this argument we cannot agree.

"In that case five electors filed an affidavit in the prothonotary's office setting forth that each was an elector of the Borough of Scotsdale, County of Westmoreland, composing a political party making nominations by nomination paper or papers, and that they adopted the name of the Citizens' Party to designate their policy for the purpose of nominating candidates for election.

"It was under this pre-emption that the nomination paper was filed by the respondent in that case, and as the pre-emption to the party name had been claimed by the party filing the said petition in the prothonotary's office, there should have been a certificate from the prothonotary showing these facts. Such certificate, however, did not accompany the nomination papers, and because of this the objection was sustained. It was an entirely different case from the one at bar.

"The Amendment of July 9, 1919, which has been referred to in this case, has no bearing upon the affidavit or certificate.

"Because of the fact that the nomination paper filed in this case was filed under the second method, as above stated, no affidavit other than the affidavit made to said paper and no certificate was necessary; therefore, paragraphs *(a)* and *(b)* under said reason cannot be sustained and the same are dismissed."

Similar are the facts in the instant case. The respondent filed as an individual and, therefore, not a political body and was not required to comply with the stipulations in the proviso of the 3rd section of the act, and the objection is dismissed.

And now, Oct. 20, 1927, after hearing the argument, the objection to the nomination paper is overruled, and it is ordered, adjudged and decreed that

the nomination paper filed by John Guise is valid and that his name shall appear among the list of candidates to be voted for at the general election to be held in November, 1927. It is further ordered and decreed that W. H. Calhoun, Sr., the objector, pay the costs of this proceeding.